UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY WILLIAM CROSS,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>KAMALA HARRIS,<br><br>　　　　　Respondent. | No. 1:17-cv-00877-LJO-SKO (HC)<br><br>**ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(Doc. 17)** |

　　　　Petitioner, Tommy William Cross, is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and now moves for appointment of counsel.

　　　　Petitioner contends that the Court should appoint counsel based on California Rule of Court ("CRC") 4.551(c)(2) and his indigence. CRC 4.551(c)(2) states, "[o]n issuing an order to show cause, the court must appoint counsel for any unrepresented petitioner who desires but cannot afford counsel." The CRC only applies to petitions for writ of habeas corpus in California courts. This Court applies the Rules Governing Section 2254 cases; therefore, the Court will not appoint counsel based on the CRC.

　　　　In federal habeas proceedings, no absolute right to appointment of counsel currently exists. *See, e.g., Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958); *Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir. 1984). Nonetheless, a court may appoint counsel at any stage of the case

1

"if the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); Rule 8(c), Rules Governing Section 2254 Cases.

Petitioner states he is indigent; however, the majority of prisoners share this same characteristic. Petitioner has competently filed a petition for writ of habeas corpus and alleges no other basis by which the Court may appoint counsel on his behalf.

Based on the foregoing, Petitioner's motion for appointment of counsel is hereby DENIED.

IT IS SO ORDERED.

Dated: **May 14, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE